UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY C. MARTIN,

           Plaintiff,

           v.                         CAUSE NO.: 3:16-CV-737-JD-MGG

RON O'NEIL, et al.,

           Defendants.

OPINION AND ORDER

Anthony C. Martin, a prisoner without a lawyer, filed a second amended complaint (ECF 29)[1] naming 72 defendants and making numerous allegations about events which occurred from March 10, 2015, to July 5, 2016. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] Though he filed a previous amended complaint (ECF 27), the next day he filed this one with a letter (ECF 28) indicating that the earlier complaint should be disregarded.

As a preliminary matter, Martin lists unnamed defendants in many of his claims. But, "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Therefore, each unnamed defendant will be dismissed without further discussion.

Martin alleges that on March 10, 2015, Unit Manager Pam Bane, Assistant Warden Gann, Lt. Hough, Counselor Sherry Hatchel, Counselor Jones, Case Manager Wilson, Sgt. Jonnas, and Lt. St. Martin retaliated against him for filing numerous grievances and complaints between January and March of 2015 by putting him in a cell without a working toilet or running water for 17 days. The cell smelled of feces from the toilet, and he had to use the restroom in styrofoam containers and empty water bottles. His cell was freezing at times, and at other times he was subjected to excessive heat. Martin was provided with limited amounts of water. And, from March 10, 2015, to March 19, 2015, he was denied access to a shower. "To prevail on his First Amendment retaliation claim, [Martin] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Martin may proceed against these eight defendants on this claim.

Next Martin alleges that the actions of these same eight defendants violated his Eighth Amendment rights. "[T]he Constitution does not mandate comfortable prisons...." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer* [*v. Brennan*, 511 U.S. 825, 834 (1994)] (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). *See also, Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); *Jackson* [*v. Duckworth*,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

*Morissette v. Peters*, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations omitted). He has stated an Eighth Amendment claim against these eight defendants.

Martin alleges that Officer Zimmerman, Officer Houston, and three unknown officers called him names while he was housed in this cell. But mere verbal harassment does not state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

Martin alleges that on March 26, 2015, Officer Zimmerman and Lt. Hough sprayed him with a chemical agent while he was in his cell and not being combative or otherwise resisting. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th

Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Martin states a claim against these two defendants for excessive use of force in violation of the Eighth Amendment.

Martin alleges that Lt. Wilson, Lt. Hough, Capt. Yancy, Capt. Easton, Lt. Tatum, Sgt. Phillips, Sgt. Henney, Officer Zimmerman, Officer Robee (male), Dawn Nelson, Nurse Sandy, Nurse Morgan, and Jennifer Chapman did not properly decontaminate him after he was sprayed with the chemical agent and, as a result, he suffers permanent loss of vision. Martin will be permitted to proceed against these defendants on his claim that they are liable to him under the Eighth Amendment for his loss of vision.

Also on March 26, 2016, Martin alleges that Officer Zimmerman, Officer Pete (IDU), Officer Kapica, Officer Potrictri, Officer Hedgewood, Officer Bolton, Officer Houston, Sgt. Conley, Sgt. Phillips, Sgt. Henney, Officer Tiderman, Officer Morsby, Officer Stuber, Officer Robee (male), Lt. Tatum, Lt. Wilson, Lt. Hough, Capt. Yancy, Major Tibbles, and seven Unknown E-Squad (CERT) Officers used physical force against him. Martin did not provide many details about this event, but it is plausible to infer he is alleging that he was not resisting or threatening the officers and that they maliciously and sadistically assaulted him for the purpose of causing harm. With that inference, he states a claim against these nineteen named defendants for an excessive use of force in violation of the Eighth Amendment.

4

Martin alleges that Lt. Wilson, Lt. Watson, Lt. Tatum, Lt. Hough, Sgt. Henny, Sgt. Conley, Officer Zimmerman, Officer Pete (IDU) shackled him to a concrete block with four-way restraints from March 26, 2015, until March 29, 2015. He alleges this was done at the direction of Capt. Yancy, Capt. Shriner, Major Tibbles, Assistant Warden Gann, Dr. Matis, Dawn Nelson, Nurse Morgan, and Jennifer Chapman. During those four days, he was not provided with any food or water. He alleges he soiled himself because he could not get up. He alleges he was ultimately released and taken to the hospital because he was unresponsive. These are extreme and disturbing allegations. The use of four-way restraints can be justifiable for purposes of control in response to specific instances of misbehavior. *Bruscino v. Carlson*, 854 F.2d 162, 164 (7th Cir. 1988). However, "while some form of temporary restraint may be necessary against those who pose a threat to themselves and others, [some] methods are 'too close to the rack and the screw to permit of constitutional differentiation.'" *French v. Owens*, 777 F.2d 1250, 1253-54 (7th Cir. 1985) (citations omitted).

> [O]nce restraints are initially justified, it becomes somewhat problematic as to how long they are necessary to meet the particular exigent circumstances which precipitated their use. The basic legal principle is that once the necessity for the application of force ceases, any continued use of harmful force can be a violation of the [Constitution], and any abuse directed at the prisoner after he terminates his resistance to authority is [a Constitutional] violation. How long restraint may be continued calls for the exercise of good judgment on the part of prison officials. Once it is established that the force was applied in a good faith effort to maintain discipline and not maliciously or sadistically for the purpose of causing harm, the courts give great deference to the actions of prison officials in applying prophylactic or preventive measures intended to reduce the incidence of riots and other breaches of prison discipline.

*Williams v. Burton*, 943 F.2d 1572, 1576 (11th Cir. 1991) (citations omitted). Martin's allegations that he was continuously held in four-way restraints without food, water, or medical care while injured and ultimately unresponsive state a claim against these sixteen individuals. Martin will be permitted to proceed against these sixteen individuals on his Eighth Amendment claim that he was subjected to cruel and unusual punishment.

Martin further alleges that while in restraints Dawn Nelson, Nurse Sandy, Nurse Morgan, Nurse Domonique, LPN Jennifer Chapman, Director of Nursing Anne, and Dr. Thompson each knew he was injured from having been beaten and that he was in need of medical treatment, which they refused to provide. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). These allegations state a claim against these seven defendants for denying him medical care. Martin does not mention what these seven defendants did in response to their knowledge he was in four-way restraints, but it is reasonable to infer that he is alleging they failed to intervene to stop the improper use of four-way restraints. A prison official "can be held liable under § 1983 if [he] (1) had reason to know that a fellow officer was . . . committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

6

These allegations state a claim against these seven defendants for failure to intervene.

Martin alleges that on April 11, 2015 and April 12, 2015, he was denied food by Officer Pete (IDU), Officer Redden, and unknown officers. And, on April 18, 2015, these same officers either denied him food or spat in his food before giving it to him.[2] Not every denial of food violates the Constitution. *Reed v. McBride*, 178 F.3d 849, 853-54 (7th Cir. 1999). The amount and duration of the denial must be considered, but two continuous days without any food is sufficient to state a claim. Martin will be permitted to proceed against Officer Pete (IDU) and Officer Redden on this claim.

Martin alleges that from March 11, 2015, to April 24, 2015, Unit Manager Pam Bane, Counselor Sherry Hatchel, Case Worker Wilson, Counselor Moniham, Counselor Jones, Vicky Long, Pam James, Officer Hedgewood, Officer Zimmerman, Officer Potrictri, Officer Stuber, Officer Morsby, Officer Anton, Officer Houston, Officer Slaughterman, Officer Tiderman, Officer Kapica, Officer Bolton, Officer Pete (IDU), Officer Robee (male), Officer Selas, Officer Crawford, Officer Redden, Sgt. Jonnas, Sgt. Henney, Sgt. Wilson, Sgt. Henry, Sgt. Conley, Sgt. Phillips, Lt. St. Martin, Lt. Cavanar, Lt. Tatum, Lt. Watson, Lt. Wilson, Lt. Hough, Capt. Easton, Capt. Shriner, Capt. Yancy, and Major Tibbles destroyed his property (including legal materials) and denied him access to the court. He alleges that entire client files and transcripts were destroyed, and that the public defender will only give him one copy for free. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or

---

[2] Martin also alleges that the prison had policies that failed to ensure nutritious and healthy food delivery, but he has not identified any specific policy. Accordingly, this claim will be dismissed.

property, without due process of law . . ..” But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (“For intentional, as for negligent deprivations of property by state employees, the state’s action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.”) Indiana’s tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials’ accidental or intentional deprivation of a person’s property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (“Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.”). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). While Martin has alleged that he cannot obtain new copies of the materials for free, that does not make the materials irreplaceable because he can bring a lawsuit to recover damages sufficient to purchase a replacement copy.

Neither has he stated a claim for a denial of access to courts. Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and

8

the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted).

Denial of access to the courts must be intentional; "simple negligence will not support a

claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11

(citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the

right to access the courts, an inmate must show that unjustified acts or conditions (by

defendants acting under color of law) hindered the inmate's efforts to pursue a non-

frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual

injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds*

did not eliminate the actual injury requirement as a constitutional prerequisite to a

prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of

the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a

prison law library or to other legal materials is not itself a violation of a prisoner's

rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a

potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445

F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Martin must "spell out, in minimal

detail" the connection between the denial of access to legal materials and the resulting

prejudice to a potentially meritorious legal claim. *Id.* Here, Martin has not identified any

non-frivolous claim that he lost as a result of being delayed access to the courts for six

and a half weeks. Therefore, these allegations do not state a claim.

Martin alleges that on October 3, 2015, he was sexually assaulted while being

strip searched by Officer Redden. Martin's amended complaint describes contact of a

sexual nature and inconsistent with any legitimate penological purpose. Martin may proceed on his claim that Officer Redden sexually assaulted him on October 3, 2015.

Martin alleges that he reported Officer Redden's sexual assault to O.I.C. Thomas (female), Lt. Tatum, Capt. Shriner, Major Tibbles, Rhonda Brenna, Mr. Morton, Warden Ron O'Neil, Assistant Warden Gann, Unit Manager Pam Bane, Pam James, Dr. Matis, Dawn Nelson, and Internal Affairs Dillion, but they did not believe him. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, these allegations do not state a claim.

Following the October 3, 205, attack, Rhonda Brenna PREA Manager and Mr. Morton (Grievance Specialist) told Martin it would not be in his best interest to pursue a claim for the sexual assault. Then, Major Tibbles, Assistant Warden Gann, Capt. Shriner, Lt. Redden, Lt. Tatum, Lt. Zimmerman, Internal Affairs Officer Dillon, and Unit Manager Pam Bane threatened him with segregation if he did pursue the claim. Furthermore, Lt. Redden threatened to make Martin's life a living hell for accusing his brother of a sexual assault. And, Lt. Redden, O.I.C. Thomas (female), Officer Statham, Lt. Cavanar, Capt. McCann, Officer Selas, Officer Ellis, Officer Crawford, and Officer Lacorise retaliated against him by constantly searching his cell and then destroying his legal books, religious items, and shoes. As previously explained, "[t]o prevail on his First Amendment retaliation claim, [Martin] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter

10

First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Martin has plausibly alleged all three elements and will be granted leave to proceed against these eighteen defendants for retaliating against him for reporting that he was sexually assaulted by Officer Redden on October 3, 2015.

Martin alleges that Dawn Nelson told him the State of Indiana only requires medical treatment for life threatening conditions. Based on that allegation, it is plausible to infer that he is alleging Corizon Health Services had a practice or policy of following the same procedure so that it was consistent with the State of Indiana. A private company performing a state function can be held liable to the same extent as a municipal entity under M*onell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (Monell framework applies to private company providing medical care at correctional facility). Based on the inference that Martin is alleging that Corizon Health Services had a practice or policy of only providing medical treatment for life threatening conditions, he has stated a claim.

Martin alleges he reported the October 3, 2015, sexual assault to Dr. Matis, Psychiatrist Carmen Rojas, Psychiatrist Manning and Psychiatrist Wallen. He told them he was suffering from mental anguish, stress, and thoughts of suicide. In response, they cancelled his mental health counseling sessions. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice,

or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). These allegations state a claim against these three defendants.

Martin alleges that on seven occasions in October, November, and December 2015, he was denied treatment for physical health problems (many of which stemmed from the October 3, 2015, assault) by Dawn Nelson, Director of Nursing Anne, Dr. Thompson, Dr. Matis, Nurse Sandy, Nurse Morgan, Nurse Domonique, Nurse Debbie, LPN Jennifer Chapman, Psychiatrist Carmen Rojas, Psychiatrist Manning, and Psychiatrst Wallen. He indicates he was experiencing pain in his rectum and stomach, could not defecate, could not eat, and was vomiting. He had serious headaches, loss of memory, black-out spells, fatigue, and no vision in his left eye. He could not lift his head up or stand for a long period of time. Failing to provide medical treatment when an inmate presents with the range of symptoms Martin alleges represents a substantial departure from accepted professional judgment, practice, or standards. He may proceed against these 12 defendants on his claim that they ignored his requests for medical treatment for these conditions on seven occasions in October, November, and December 2015.

Martin alleges that, on April 11, 2016, Dawn Nelson, Nurse Chris, and Jennifer Chapman forced him to take a TB injection against his will even after Martin told them that he had previously been advised not to take the injection and asked them to look at his medical packet. Later that evening, Martin had a serious allergic reaction, but Nurse

12

Debbie and Nurse Sandy refused to see Martin. Four days later, on April 15, 2016, Martin was taken to the hospital for treatment. This states a claim of deliberate indifference to a serious medical need.

Martin also alleges that, on April 11, 2016, Officer Tiderman, Lt. Tatum, Lt. Watson, Sgt. Jonnas, and two unknown officers, knowing that Martin asserted that he could not take the injection for medical reasons, slammed him to the ground and placed him in a choke hold to permit the TB injection to be given. His legs were bent back and pressure was applied to his lower back, causing extreme pain. This states a claim for excessive force in violation of the Eighth Amendment.

Martin alleges that on July 5, 2016, he was again sexually assaulted by Officer Redden. Martin has supported his claim with detailed factual allegations, and he may proceed against Officer Redden on an Eighth Amendment claim that Officer Redden sexually assaulted him on July 5, 2016.

Martin alleges that he reported the July 5, 2016, assault to Lt. Watson, Counselor Sherry Hatchel, Case Manager Howard Wilson, Unit Manager Pam Bane, Internal Affairs Lazars, Internal Affairs Wheeler, PREA Manager Rhonda Brenna, Warden Ron O'Neil, Assistant Warden Gann, and Pam Jones, but they did not believe him.[3] As previously explained, merely reporting an incident is not a basis for liability because

---

[3] Martin notes that Officer Griffen told him that this was not the first time Officer Redden had been accused of making sexual advances. Although Martin has listed Officer Griffen as a defendant, this is the only mention of Officer Griffen in the complaint. Because Martin does not allege any wrongdoing by Officer Griffen, he will be dismissed.

"[o]nly persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, these allegations do not state a claim.

Martin alleges that sometime thereafter, he was beaten by Officer Lacorise, Officer Ellis, Officer Poe, Lt. Zimmerman, Lt. Redden, Officer Crawford, Officer Anton, O.I.C. Thomas (female), Capt. McCann, and Lt. Cavanar. As previously explained, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Martin alleges that he was not resisting and he presents facts that could support a finding that the officers were maliciously and sadistically assaulting him for the purpose of causing harm. He states a claim against these ten defendants for an excessive use of force in violation of the Eighth Amendment.

Martin alleges that immediately after the assault, Dawn Nelson, Dr. Thompson, LPN Jennifer Chapman, and Nurse Sandy refused to provide him medical treatment for any of his injuries even though he was urinating blood. These allegations state a claim and he will be granted leave to proceed against these four defendants for a denial of medical treatment.

Martin alleges that because he complained about being sexually assaulted, beaten, and denied medical treatment, Unit Manager Pam Bane, Warden Ron O'Neil, Assistant Warden Gann, and Commissioner Bruce Lemmon retaliated against him by transferring him to a different prison. This does not state a claim. Being transferred out of a prison where he alleges he was being severely victimized would not deter a person

14

from complaining in the future. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012)

("To prevail on his First Amendment retaliation claim, [Martin] must show that . . . he

suffered a deprivation that would likely deter First Amendment activity in the future . .

.."). Indeed, being transferred to a different prison is the result most inmates would

want as a result of such complaints.

Finally, Martin names The Indiana State Prison and the Indiana Department of

Corrections, but they are State agencies and immune from suit pursuant to the Eleventh

Amendment. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three

exceptions to Eleventh Amendment immunity: (1) suits directly against the State based

on a cause of action where Congress has abrogated the state's immunity from suit; (2)

suits directly against the State if the State waived its sovereign immunity; and (3) suits

against a State official seeking prospective equitable relief for ongoing violations of

federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm' n*, 183 F.3d 558, 563

(7th Cir. 1999). None of these exceptions apply here. *See Joseph v. Bd. of Regents of Univ. of

Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Furthermore, although Martin has sued each

of the defendants in their official capacities, those claims fail because "[a]n official

capacity suit is tantamount to a claim against the government entity itself." *Guzman v.

Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007)(citations omitted); *see McLaughlin v. Freeman*,

No. 2:08-CV-58-PRC, 2013 WL 5407041, at *8 (N.D. Ind. Sept. 26, 2013).

For the foregoing reasons, the court:

(1) GRANTS Anthony C. Martin leave to proceed against Pam Bane Unit

Manager, Ass. Warden Gann, Lt. Hough, Counselor Sherry Hatchel, Counselor Jones,

Case Manager Wilson, Sgt. Jonnas, and Lt. St. Martin in their individual capacities for compensatory and punitive damages for retaliating against him by placing him in a non-working cell from March 10, 2015, to March 26, 2015, in violation of the First and Eighth Amendments;

(2) GRANTS Anthony C. Martin leave to proceed against Officer Zimmerman and Lt. Hough in their individual capacities for compensatory and punitive damages for maliciously and sadistically spraying him with a chemical agent on March 26, 2015, in violation of the Eighth Amendment;

(3) GRANTS Anthony C. Martin leave to proceed against Lt. Wilson, Lt. Hough, Capt. Yancy, Capt. Easton, Lt. Tatum, Sgt. Phillips, Sgt. Henney, Officer Zimmerman, Officer Robee (male), Dawn Nelson, Nurse Sandy, Nurse Morgan, and Jennifer Chapman in their individual capacities for compensatory and punitive damages for failing to properly decontaminate him following the March 26, 2015 incident, in violation of the Eighth Amendment;

(4) GRANTS Anthony C. Martin leave to proceed against Officer Zimmerman, Officer Pete (IDU), Officer Kapica, Officer Potrictri, Officer Hedgewood, Officer Bolton, Officer Houston, Sgt. Conley, Sgt. Phillips, Sgt. Henney, Officer Tiderman, Officer Morsby, Officer Stuber, Officer Robee (male), Lt. Tatum, Lt. Wilson, Lt. Hough, Capt. Yancy, and Major Tibbles in their individual capacities for compensatory and punitive damages for maliciously and sadistically assaulting him on March 26, 2015, in violation of the Eighth Amendment;

(5) GRANTS Anthony C. Martin leave to proceed against Lt. Wilson, Lt. Watson, Lt. Tatum, Lt. Hough, Sgt. Henny, Sgt. Conley, Officer Zimmerman, Officer Pete (IDU), Capt. Yancy, Capt. Shriner, Major Tibbles, Ass. Warden Gann, Dr. Matis, Dawn Nelson, Nurse Morgan, and Jennifer Chapman in their individual capacities for compensatory and punitive damages for shackling him to a concrete block with four-way restraints from March 26, 2015, until March 29, 2015, in violation of the Eighth Amendment;

(6) GRANTS Anthony C. Martin leave to proceed against Dawn Nelson, Nurse Sandy, Nurse Morgan, Nurse Domonique, LPN Jennifer Chapman, Director of Nursing Anne, and Dr. Thompson, in their individual capacities for compensatory and punitive damages for denying him medical treatment and for failing to intervene to stop the improper use of four-way restraints from March 26, 2015, until March 29, 2015, in violation of the Eighth Amendment;

(7) GRANTS Anthony C. Martin leave to proceed against Officer Pete (IDU) and Officer Redden in their individual capacities for compensatory and punitive damages for denying him access to food on April 11, 2015, April 12, 2015, and April 18, 2015, in violation of the Eighth Amendment.

(8) GRANTS Anthony C. Martin leave to proceed against Officer Redden in his individual capacity for compensatory and punitive damages for sexually assaulting him on October 3, 2015, in violation of the Eighth Amendment;

(9) GRANTS Anthony C. Martin leave to proceed against Rhonda Brenna PREA Manager, Mr. Morton (Grievance Specialist), Major Tibbles, Ass. Warden Gann, Capt. Shriner, Lt. Redden, Lt. Tatum, Lt. Zimmerman, Internal Affairs Officer Dillon, Pam

Bane Unit Manager, O.I.C. Thomas (female), Officer Statham, Lt. Cavanar, Capt.
McCann, Officer Selas, Officer Ellis, Officer Crawford, and Officer Lacorise in their
individual capacities for compensatory and punitive damages for retaliating against
him because he reported he was sexually assaulted on October 3, 2015, in violation of
the First Amendment;

(10) GRANTS Anthony C. Martin leave to proceed against Corizon Health
Services for compensatory and punitive damages for denying him medical treatment
based on its practice or policy of only providing medical treatment for life threatening
conditions in violation of the Eighth Amendment;

(11) GRANTS Anthony C. Martin leave to proceed against Dr. Matis, Psychiatrist
Carmen Rojas, Psychiatrist Manning, and Psychiatrist Wallen in their individual
capacities for compensatory and punitive damages for denying him mental health
treatment by cancelling his mental health counseling sessions after he told them that he
was suffering from mental anguish, stress, and thoughts of suicide because he had been
sexually assaulted on October 3, 2015, in violation of the Eighth Amendment;

(12) GRANTS Anthony C. Martin leave to proceed against Dawn Nelson,
Director of Nursing Anne, Dr. Thompson, Dr. Matis, Nurse Sandy, Nurse Morgan,
Nurse Domonique, Nurse Debbie, LPN Jennifer Chapman, Psychiatrist Carmen Rojas,
Psychiatrist Manning, and Psychiatrist Wallen in their individual capacities for
compensatory and punitive damages for deliberate indifference to his medical needs on
seven occasions in October, November, and December 2015;

(13) GRANTS Anthony C. Martin leave to proceed against Dawn Nelson, Nurse Chris, and Jennifer Chapman in their individual capacities for compensatory and punitive damages for forcing Martin to take a TB injection on April 11, 2016, and refusing to provide medical treatment when he had an allergic reaction to the injection;

(14) GRANTS Anthony C. Martin leave to proceed against Officer Tiderman, Lt. Tatum, Lt. Watson, Sgt. Jonnas in their individual capacities for compensatory and punitive damages for using excessive force on April 11, 2016;

(15) GRANTS Anthony C. Martin leave to proceed against Officer Redden in his individual capacity for compensatory and punitive damages for sexually assaulting him on July 5, 2016, in violation of the Eighth Amendment;

(16) GRANTS Anthony C. Martin leave to proceed against Officer Lacorise, Officer Ellis, Officer Poe, Lt. Zimmerman, Lt. Redden, Officer Crawford, Officer Anton, O.I.C. Thomas (female), Capt. McCann, and Lt. Cavanar in their individual capacities for compensatory and punitive damages for maliciously and sadistically assaulting him sometime after July 5, 2016, in violation of the Eighth Amendment;

(17) GRANTS Anthony C. Martin leave to proceed against Dawn Nelson, Dr. Thompson, LPN Jennifer Chapman, and Nurse Sandy in their individual capacities for compensatory and punitive damages for denying him medical treatment for his physical injuries when he was urinating blood after he was injured sometime after July 5, 2016, in violation of the Eighth Amendment;

(18) DISMISSES all other claims;

(19) DISMISSES Warden Ron O'Neil, Indiana State Prison, Indiana Department of Corrections, Commissioner Bruce Lemmon, Sgt. Wilson, Sgt. Henry, Internal Affairs Wheeler, Internal Affairs Lazars, Officer Slaughterman, Officer Griffen, Vicky Long, Pam Jones, and Counselor Moniham;

(20) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Ass. Warden Gann, Major Tibbles, Capt. Yancy, Capt. Shriner, Capt. Easton, Capt. McCann, Lt. Hough, Lt. Wilson, Lt. Zimmerman, Lt. Redden, Lt. Watson, Lt. Tatum, Lt. Cavanar, Lt. St. Martin, Sgt. Phillips, Sgt. Conley, Sgt. Henney, Sgt. Jonnas, Internal Affiars Dillon, Rhonda Brenna PREA Manager, Pam Bane Unit Manager, Counselor Sherry Hatchel, Case Manager Howard Wilson, Officer Zimmerman, Officer Hedgewood , Officer Redden, Officer Statham, Officer Ellis, Officer Lacorise, O.I.C. Thomas (female), Officer Crawford, Officer Selas, Officer Poe, Officer Robee (male), Officer Pete (IDU), Officer Bolton, Officer Kapica, Officer Tiderman, Officer Houston, Officer Anton, Officer Morsby, Officer Stuber, Officer Potrictri, Mr. Morton (Grievance Specialist),  Corizon Health Services, Dawn Nelson, D.O.N Anne, Dr. Thompson, Dr. Matis, Psychiatrist Carmen Rojas, Psychiatrist Manning, Psychiatrist Wallen, Nurse Morgan, Nurse Domonique, Jennifer Chapman (LPN), Nurse Sandy, Nurse Chris, Nurse Debbie, and Counselor Jones with a copy of this order and the amended complaint (ECF 15) as required by 28 U.S.C. § 1915(d); and

(21) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ass. Warden Gann, Major Tibbles, Capt. Yancy, Capt. Shriner, Capt. Easton, Capt. McCann, Lt. Hough, Lt. Wilson, Lt. Zimmerman, Lt. Redden, Lt. Watson, Lt. Tatum, Lt. Cavanar, Lt. St. Martin, Sgt.

Phillips, Sgt. Conley, Sgt. Henney, Sgt. Jonnas, Internal Affiars Dillon, Rhonda Brenna PREA Manager, Pam Bane Unit Manager, Counselor Sherry Hatchel, Case Manager Howard Wilson, Officer Zimmerman, Officer Hedgewood , Officer Redden, Officer Statham, Officer Ellis, Officer Lacorise, O.I.C. Thomas (female), Officer Crawford, Officer Selas, Officer Poe, Officer Robee (male), Officer Pete (IDU), Officer Bolton, Officer Kapica, Officer Tiderman, Officer Houston, Officer Anton, Officer Morsby, Officer Stuber, Officer Potrictri, Mr. Morton (Grievance Specialist),  Corizon Health Services, Dawn Nelson, D.O.N Anne, Dr. Thompson, Dr. Matis, Psychiatrist Carmen Rojas, Psychiatrist Manning, Psychiatrist Wallen, Nurse Morgan, Nurse Domonique, Jennifer Chapman (LPN), Nurse Sandy, Nurse Chris, Nurse Debbie, and Counselor Jones respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 8, 2018.

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT