UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY C. MARTIN,

    Plaintiff,

    v.

REDDEN, et al.,

    Defendants.

CAUSE NO. 3:18-CV-595-JD-MGG

OPINION AND ORDER

Anthony C. Martin, a prisoner without a lawyer, is proceeding in this case on claims that: (1) Officer Redden sexually assaulting him on October 3, 2015; (2) Rhonda Brenna PREA Manager, Mr. Morton (Grievance Specialist), Major Tibbles, Ass. Warden Gann, Capt. Shriner, Lt. Redden, Lt. Tatum, Lt. Zimmerman, Internal Affairs Officer Dillon, Pam Bane Unit Manager, O.I.C. Thomas (female), Officer Statham, Lt. Cavanar, Capt. McCann, Officer Selas, Officer Ellis, Officer Crawford, and Officer Lacorise retaliated against him because he reported the sexual assault; (3) Dr. Matis, Psychiatrist Carmen Rojas, Psychiatrist Manning, and Psychiatrist Wallen denied him mental health treatment by cancelling his mental health counseling sessions after he told them that he was suffering from mental anguish, stress, and thoughts of suicide because he had been sexually assaulted; (4) Dawn Nelson, Director of Nursing Anne, Dr. Thompson, Dr. Matis, Nurse Sandy, Nurse Morgan, Nurse Domonique, Nurse Debbie, LPN Jennifer Chapman, Psychiatrist Carmen Rojas, Psychiatrist Manning, and Psychiatrist Wallen were deliberately

indifferent to his medical needs on seven occasions in October, November, and December 2015; (5) Officer Tiderman, Lt. Tatum, Lt. Watson, Sgt. Jonnas used excessive force against Martin on April 11, 2016; and (6) Officer Redden sexually assaulted Martin again on July 5, 2016.

On September 15, 2020, State Defendants Rhonda Brennan, Howard Morton, Carl Tibbles, Kenneth Gann, Robert Shriner, Lt. Timothy Redden, Officer Terry Redden, Christopher Tatum, Kirk Zimmerman, Torrie Dillon, Pamela Bane, Jillian Thomas, Ryan Statham, Dylan Cabanaw, Steve McCann, Nathan Seles, Joshua Ellis, Seth Crawford, Jeff Lecouris, Vernon Tiedeman, Anthony Watson, and Aaron Jonas,[1] by counsel, filed a motion for summary judgment asserting that, with the exception of the allegation that Officer Redden sexually assaulted Martin on July 5, 2016, Martin did not exhaust the administrative remedies available to him before bringing this suit. ECF 252; ECF 253. Martin filed a response and supporting memorandum on November 17, 2020. ECF 261; ECF 262. The defendants contend that Martin's affidavit contains perjured testimony and that several of the documents submitted by Martin were altered. ECF 263. This led to a stay of briefing on the summary judgment motion and a flurry of motions. *See* ECF 263, 264, 266, 267, 276, 277, 278, 282, 283, 284 and 290.

First, the State Defendants provided Martin with notice, pursuant to Federal Rule of Civil Procedure 11, of their contentions that the material is perjured and fraudulent.

---

[1] The above State Defendants are listed on the docket as follows: Rhonda Brena PREA Manager, Mr. Morton Grievance Specialist, Major Tibbles, Assistant Warden Gann, Captain Shriner, Lt. Redden, Officer Redden, Lt. Tatum, Lt. Zimmerman, Internal Affairs Officer Dillon, Unit Manager Pane Bane, O.I.C. (Female) Thomas, Officer Statham, Lt. Cavanar, Captain McCann, Officer Selas, Officer Ellis, Officer Crawford, Officer Lacorise, Officer Tiderman, Lt. Watson, and Sgt. Jonnas.

Martin responded by filing a motion asking to voluntarily remove some - but not all - of the allegedly fraudulent material from the record. More specifically, he asked to withdraw his affidavit and the documents found on pages eight and nine of ECF 262-1. He nonetheless denies that the documents are fraudulent. ECF 266.[2]

The State Defendants then filed a motion seeking sanctions and a motion opposing Martin's motion to voluntarily remove the allegedly fraudulent material from the record. ECF 267; ECF 268. The Medical Defendants filed a notice that they joined the motion, and Martin filed a motion to strike that notice. ECF 273; ECF 283. But, he has provided no valid reason for precluding the medical defendants from joining the motion. Thus, Martin's motion to strike the notice of intent to join the motion for sanctions (ECF 283) will be denied.

The defendants do not seek sanctions pursuant to Rule 11. However, they seek sanctions pursuant to Rule 56(h) and the court's inherent authority, noting that Rule 11 should not be read to give Martin one free opportunity to defraud the court. ECF 269 at 2; ECF 271. This court agrees. While Rule 11 contains a safe harbor provision preventing a party from moving for sanctions if a challenged statement is withdrawn, Rule 56(h) does not contain a similar safe-harbor provision. Federal Rule of Civil Procedure 56(h) provides that:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court – after notice and a reasonable time to respond – may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subject to other appropriate sanctions.

---

[2] He later filed a second motion seeking to voluntarily withdraw the remainder of the allegedly fraudulent material. ECF 277.

3

Fed. R. Civ. P. 56(h). *See also James v. Hale*, 959 F.3d 307, 315 (7th Cir. 2020).

In addition, courts have the inherent authority to fashion appropriate sanctions for abuses of the judicial process. *Chambers*, 501 U.S. at 44-45; *Secrease v. W & S Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015). Thus, Martin's willingness to withdraw certain evidence from the record, after receiving a Rule 11 notification, does not shelter him from sanctions pursuant to Rule 56(h) and this court's inherent power. Accordingly, his motions to voluntarily withdraw evidence will be denied, with leave to refile following the resolution of the motion for sanctions.

The defendants allege that the following material is fraudulent. Paragraphs four and eight of Martin's affidavit (ECF 262-1 at 2-4), and various grievance documents (ECF 262-1 at 8, 9, 25, 35, 44). Martin's affidavit states that "he filed several grievances such as informal grievances, formal grievances, as well as grievance appeals as to the claims he alleg[es] in his Complaint as to the defendants." ECF 262-1 at 3. The affidavit further provides that "the defendant[s] have provided the Court with an incomplete grievance record (sic) of plaintiff's filing, and is in fact missing critical grievances, its responses from staff, and information to support its exhaustion of administrative remedies." ECF 262-1 at 4.

One of the challenged documents is an offender grievance response report that contains Martin's signature indicating that he disagreed with the grievance specialists' response, with a date of November 18, 2015, next to Martin's signature. It includes a bates stamp of GRIEVANCE000655 on the bottom right corner. ECF 262-1 at 8. The

defendants assert that this same document was bates stamped and produced during discovery, but the version produced during discovery did not include Martin's signature, the indication that he disagreed with the grievance specialists' response, or the date of November 18, 2015. They have produced a version of this document that does not contain Martin's signature, a date next to where his signature is on the document he produced, or a check indicating that he disagreed with the grievance specialists' response. ECF 267-6 at 262. The paralegal responsible for mailing the discovery in October 2018 has provided a declaration indicating that, when the discovery was mailed, it contained the bates stamp but did not contain Martin's signature, the date next to his signature, or the checkmark indicating that he disagreed with the determination. ECF 267-4. In short, the defendants assert that he added this information to make it look like he appealed the determination.

Martin also tendered several grievance appeal forms that are allegedly fraudulent. The documents are dated November 18, 2015, January 26, 2016, November 25, 2016, and January 4, 2017. ECF 262-1 at 9, 25, 35, 44. But, the documents are each on "State Form 45473 (R3/4-17)." According to Andy Dunigan, a policy manager at the IDOC's central office, this is the third revision of State Form 45473, and the department did not begin using the form until April of 2017. ECF 267-3. Grievance Specialist Joshua Wallen and Pamela James (a litigation liason) have also stated that the form was not in use until April of 2017. ECF 267-1; ECF 267-2. This is the version that is still in use by the IDOC, and it is available to all offenders. ECF 267-3. The defendants assert that these

5

documents are forgeries because the form was not in use when these appeals were allegedly signed.

So far, Martin has not offered any explanation for what appear to be fraudulent documents.[3] He has, however, asked the court to take judicial notice of the records in the Southern District of Indiana concerning a filing ban imposed by Judge James R. Sweeney, II. ECF 276. Because these are matters of public record, the motion will be granted. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). The court will take judicial notice of the proceedings related to imposition of sanctions against Martin in *Martin v. Fowler*, 804 Fed. Appx. 414 (7th Cir. 2020).

Martin also asks the court to take judicial notice of two cases: *Littler v. Martinez*, No. 2:16-CV-0472-JMS-DLP, 2020 US Dist. Lexis 1850 (Jan. 3, 2020); and *Littler v. Martinz*, 2:16-CV-472-JMS-DLP, 2018 U.S. Dist. Lexis 155868 (Sept. 13, 2018).[4] ECF 284. He says these cases show that the defendants are playing fast and loose with the court, and that this is their common norm. The court will take judicial notice of these cases,[5] but, in the future, Martin may rely upon cases available on Lexis without seeking judicial notice.

---

[3] One of Martin's filings (ECF 277) indicates that he obtained duplicate copies of documents from his mother, but it is not entirely clear if he is claiming that he obtained the documents at issue here from his mother. Furthermore, it is unclear how obtaining them from his mother is inconsistent with the allegations of fraud.

[4] Martin identified these cases only by Lexis citation. In the future, he needs to include the case name, the court, and the date of the decision.

[5] The cases, however, appear irrelevant. The *Littler* cases involve alleged wrongdoing by different defendants and different counsel. Martin's theory seems to be that similar wrongdoing is afoot here, but – if that is his contention – he must produce some evidence of that wrongdoing by the parties or counsel in this case.

Martin has also filed requests for funds to obtain forensics analysis and polygraph experts. ECF 278; ECF 282. Martin asserts that, if he takes a polygraph test and a forensics analysist examines the evidence, it will demonstrate that the materials are not fraudulent. He believes that a forensics analyst could examine the IDOCs computer systems to see what was generated, deleted, and altered. A court, in its discretion, may appoint an expert for an indigent plaintiff pursuant to Federal Rule of Evidence 706 in appropriate cases. *See Ledford v. Sullivan*, 105 F.3d 354, 358–61 (7th Cir. 1997); Fed. R. Evid. 706. In general, court-appointed experts are utilized only if "scientific, technical, or other specialized knowledge" will help the trier-of-fact understand complex evidence or facts at issue. *Ledford*, 105 F.3d at 358–59 (citing Fed. R. Civ. P. 702); *see also Elcock v. Davidson*, 561 Fed. Appx. 519, 524 (7th Cir. 2014). Experts may be appointed "if necessary to help the *court* understand the issues, not to assist a party in preparing his case." *Dobbey v. Carter*, 734 Fed. Appx. 362, 364–65 (7th Cir. 2018) (emphasis in original); *see also O'Neil v. Walker*, No. 07-3241, 2008 WL 450473, at *1 (C.D. Ill. Feb. 15, 2008). Rule 706 does not list specific factors to be considered when determining whether an expert is warranted, but the Seventh Circuit has upheld district court denials of requests for expert appointments when the issues are not complicated, when the relevant evidence can be understood by a lay person, and/or when an expert would not add to the judge's understanding of the matter at hand. *See Smith v. Shicker*, No. 1:16-CV-1877, 2018 WL 6067249, at *1 (N.D. Ill. Nov. 20, 2018) (collecting cases). "[N]o civil litigant, even an indigent one, has a legal right" to a court-appointed expert; rather, the decision falls squarely within the court's discretion to address on a case by

7

case basis. *Brown v. U.S.*, 74 Fed. Appx. 611, 614–15 (7th Cir. 2003) (denial of the plaintiff's motion for appointment of an expert was within the district court's discretion and thus "did not result in a due process violation"). Martin seeks an expert so he can develop evidence – not to help the court in understanding the evidence. The evidence before the court is not complicated, and no expert assistance is required. Rather, this appears to be a fishing expedition, and the request will therefore be denied.

Martin also seeks sanctions against the defendants. ECF 282. Martin, however, has not identified any sanctionable action on the part of the defendants. He asserts that he is at a disadvantage because certain documents have been lost, and the loss is the result of efforts to frustrate his attempts to litigate through multiple transfers. But he does not explain how the lost documents would prove that what he did submit was not fraudulent. He seems to be suggesting that it is the defendants who are defrauding him and have altered documents – not the other way around. But he has pointed to no evidence to support this assertion, and his motion for sanctions will therefore be denied.

Here, the court has reviewed the record and, unless Martin can offer some evidence to support his claim that the statements are not fraudulent, sanctions are warranted. Creating and/or submitting fake affidavits and documents is a fraud upon the court. Such behavior abuses the judicial process. It is contemptuous and may be sanctioned. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Certainly, Martin has a due process right to be heard prior to the imposition of sanctions. *See Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 928 (7th Cir. 2004). He has now requested a hearing. ECF 290. Martin's request for a hearing will be taken under advisement, as it is unclear that a

8

hearing is necessary. Given that his request for funds for experts are being denied, Martin needs to explain what evidence he would present at a hearing, if one were granted. Martin will not be permitted to go on a fishing expedition. A hearing will be granted only if Martin demonstrates that he has evidence to present that is relevant to determining whether the statements in his affidavit and documents are false.

Martin is ordered to show cause why, given the seriousness of the offense and the history or previous sanctions against him, he should not be sanctioned in the following manner: (1) dismissal of this case with prejudice; (2) a monetary sanction; and (3) a filing ban preventing Martin from filing any document in any currently pending civil case in this court (with the exception *Martin v. Wentz*, 1:13-CV-244-SLC, because that case is assigned to another judge and it is for that judge to decide what sanctions are warranted in that case) unless he pays all the filing fees due in all federal courts in full.

The court is mindful that Martin's apparent conduct in this matter exposes him to potential criminal prosecution. As such, before he decides how (or if) to respond to the defendants' allegations, he is advised that he has a right against self-incrimination guaranteed by the Fifth Amendment. He is not required to make any statement. Even if he has already made a statement, he is not required to make additional statements. He is advised that any statement that he makes can be used against him in a criminal prosecution.

For these reasons, the court:

(1) DENIES Anthony C. Martin's motion to strike the notice of intent to join the motion for sanctions (ECF 283);

(2) DENIES Anthony C. Martin's motions to voluntarily withdraw allegedly fraudulent material from the record (ECF 266; ECF 277);

(3) GRANTS Anthony C. Martin's motions asking the court to take judicial notice of the proceedings in *Martin v. Fowler*, 804 Fed. Appx. 414 (7th Cir. 2020); *Littler v. Martinez,* No. 2:16-CV-0472-JMS-DLP, 2020 US Dist. Lexis 1850 (Jan. 3, 2020); and *Littler v. Martinz*, 2:16-CV-472-JMS-DLP, 2018 U.S. Dist. Lexis 155868 (Sept. 13, 2018) (ECF 276; ECF 284);

(4) DENIES Anthony C. Martin's requests for funds to hire a forensics analyst and polygraph expert (ECF 278; ECF 282);

(5) DENIES Anthony C. Martin's request for sanctions against the defendants (ECF 282);

(6) TAKES UNDER ADVISEMENT Anthony C. Martin's request for a hearing on the issue of sanctions (ECF 290); and

(7) ORDERS Anthony C. Martin to SHOW CAUSE why he should not be sanctioned in the manner set forth in this order by **February 8, 2021**.

SO ORDERED on January 12, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT